IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANNA MARIE ROMERO,

        Plaintiff,

vs.                                       CIVIL NO. 99-576 LFG/DJS

THEODORE GENDRON and ALBUQUERQUE
TECHNICAL VOCATIONAL INSTITUTE,

        Defendants.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

THIS MATTER is before the Court on Defendant Theodore Gendron's ("Gendron") Motion to Dismiss Plaintiff's Amended Complaint [Doc. 31]. Gendron seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6) of Plaintiff Anna Marie Romero's ("Romero") charges against him. Specifically, Gendron argues that the First Amended Complaint fails to state a cause of action for violation of substantive due-process rights under 42 U.S.C. § 1983, and, alternatively, that Gendron is entitled to qualified immunity.

In accord with the district's motion practice rule, the motion, response and reply were simultaneously filed on September 22, 1999.

### General Statement of Facts

The following statement of facts, accepted as true under Rule 12(b)(6), is drawn from Romero's amended complaint. Maez v. Mountain States Tel. & Tel., Inc., 54 F.3d 1488 (10th Cir. 1995).

Romero was a student at the Albuquerque Technical-Vocational Institute ("T-VI"), where Gendron served on the school's faculty. He taught math and Romero was one of his students. Gendron approached Romero and told her that he had a dream about her, and that in his dream, he and Romero were engaging in sex, and the sexual activity was good. He also told Romero that his wife was a busy medical practitioner, that he was required to take care of their children, and that his wife did not fulfill his needs. Gendron's comments to his student both shocked and frightened Romero to the extent that she did not return to Gendron's class for nearly a week. Upon returning to class, Gendron approached her, rubbed and touched her in an sexually offensive manner and made sexually offensive jokes. As a result of these actions, Romero dropped out of Gendron's class. Gendron was acting under color of state law and there was a nexus between his actions toward Romero and comments, and his badge of authority as a teacher.

## Present Motion

Gendron argues that in order for sexual harassment to constitute a substantive due-process violation actionable under 42 U.S.C. § 1983, the harassment must be extreme and physically abusive. Abeyta v. Chama Valley Indep. Sch. Dist. No. 19, 77 F.3d 1253, 1256 (10th Cir. 1996). Gendron relies on the Abeyta case for the proposition that verbal abuse alone is insufficient to violate a student's substantive due-process rights. Moreover, Gendron argues that when physical abuse is alleged, in order to state a due-process claim, the abuse must be so outrageous "that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience." Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 725 (6th Cir. 1996)(citing Webb v. McCullough, 828 F.2d 1151, 1158 (6th Cir. 1987)).

Gendron contends that the facts alleged in Romero's complaint are similar to Lillard v. Shelby County Board of Education, where a teacher and coach verbally and physically abused three students. The abuse included slapping a student, placing his hands between another student's breasts, fondling her, and securing duplicate keys to her room while on road trips with the soccer team. He had been observed hitting girls on their buttocks while coaching. The teacher insulted and intimidated other students, making kissing noises and, on an occasion, rubbing a student's stomach in a sexual manner.

The Sixth Circuit dismissed the substantive due-process claims, emphasizing that more was required to rise to the level of substantive due-process violation than simply to state a claim under applicable state tort law. While the court believed that the conduct alleged was intolerable and inappropriate, it was insufficient to rise to the level of a substantive due-process claim against the teacher.

Gendron alternatively argues that the complaint should be dismissed based on qualified immunity which is intended to shield governmental officials from the burden of trial and personal liability. Gendron claims that Romero has failed to allege facts sufficient to demonstrate a substantive due-process right violation or to show that Romero's substantive due-process rights were clearly established so that Gendron would have known that the alleged harassment violated Romero's rights.

The Court disagrees with Gendron's argument and rejects the reasoning of the Sixth Circuit in Lillard. It is undisputed that 42 U.S.C. § 1983 creates a federal cause of action for damages to vindicate alleged violations of federal law by individuals acting under color of state law. Wyatt v. Cole, 504 U.S. 158, 161, 112 S. Ct. 1827, 1830 (1992)("The purpose of Section 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). An individual employed by the state

who violates another individual's federally protected rights will generally do so by virtue of the authority vested under state law. Jojola v. Chavez, 55 F.3d 488, 493 (10th Cir. 1995). However, an otherwise private tort does not rise to the level of a constitutional violation simply because it is committed by a state employee. There must be a nexus between the employee's use or misuse of authority as a public employee and the violation committed by the defendant. Id. Here, Romero has specifically alleged that nexus. In paragraph 18 of the complaint, which the Court is required to accept as true, Romero contends that there is a nexus between Gendron's actions and his authority as a faculty member of T-VI. Moreover, Romero contends that the acts of sexual harassment and inappropriate touching occurred on the school grounds while Gendron was in the performance of his official duties. See, e.g., D.T. by M.T. v. Independent School District No. 16, 894 F.2d 1176, 1188 (10th Cir. 1990) (there is a constitutionally insufficient nexus, when a teacher/coach's sexual harassment of a student/player occurs off school grounds and outside of school hours). The harassment in the present case is alleged to have occurred in the classroom and math lab, during regular class hours when the student was required to be in attendance.

Gendron cites Abeyta v. Chama Valley Independent School District, supra, in support of his argument. However, the factual allegations in Romero's case differ. Indeed, in a case similar to Romero's, Vigil v. Mesa Vista Consolidated School District, No. CIV 97-00151 (D.N.M. Dec. 18, 1997), Judge Bruce D. Black wrote:

> A teacher's sexual molestation of a student is an intrusion of the student's bodily integrity. Stoneking, 882 F.2d at 727 [Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720 (3d Cir. 1989)]. Absent any allegations of sexual assault, molestation or touching of any sort, the conduct falls short of a constitutionally actionable sexual harassment claim under substantive due process. Abeyta, 77 F.3d at 1255-56.

4

Here, as was true in Vigil, there are allegations of sexual touching. Those allegations are sufficient to distinguish this case from Abeyta.

The Court finds that Romero's allegations are sufficient to withstand Rule 12(b)(6) scrutiny, and, therefore, denies the motion to dismiss.

Gendron next argues that he is entitled to qualified immunity. To determine the viability of this defense, the Court must consider whether Gendron's actual actions violated clearly established law at the time of his misconduct and whether his actions were objectively reasonable in light of prevailing law.

As part of the Court's threshold inquiry into qualified immunity, the Court first determines whether Romero's allegations, if accepted as true, state a claim for a violation of rights secured by the United States Constitution. Maldonado v. Josey, 975 F.2d 727, 729 (10th Cir. 1992). As previously indicated, sexual assault or molestation by a school teacher violates a student's substantive due-process rights. Id. at 730-31. A teacher's sexual molestation of a student is an intrusion of the student's bodily integrity. Stoneking, at 727.

The harm involved is beyond merely psychological injury as in Abeyta. Here, Gendron made inferences that he wanted to have sex with Romero and disclosed his unhappiness with his wife's "failure to fulfill his needs." These comments resulted in Romero absenting herself from Gendron's class for a week. When she returned, Gendron continued his sexual advances, the sexual jokes, and progressed to improper touching and rubbing. Indeed, it was established Tenth Circuit law, at the time these acts are alleged to have occurred, that sexual harassment is actionable under Section 1983 as a violation of the equal protection clause where a plaintiff alleges and proves that defendant used his government position to exert influence and physical control over another. Whitney v. New

Mexico, 113 F.3d 1170 (10th Cir. 1997).

The Court determines that the law was clearly established at the time of the alleged acts that a professor could not utilize his authority over a student, in other words, color of law, to secure sexual favors from students, or to engage in sexually harassing conduct. The law having been clearly established, the Court determines that Gendron's motion to dismiss based on qualified immunity should be denied.

Defendant has requested that, in the event the Court denies the motion to dismiss, Plaintiff be ordered under F. R. Civ. P. Rule 12(e) to present a more definite statement regarding the allegations of rubbing and touching in ¶16 of the Amended Complaint. The allegations of ¶16 are not "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," as required in Rule 12(e). In addition, the rule provides that a motion for a more definite statement must be made before a responsive pleading is filed, and Defendant had already filed his Answer to the Amended Complaint at the time he made this request. Therefore, to the extent the request can be interpreted as a motion under Rule 12(e), the motion is denied.

IT IS THEREFORE ORDERED that Defendant Gendron's Motion to Dismiss Plaintiff's Amended Complaint [Doc. 31], including his motion for a more definite statement, is denied.

                                                                          *Lorenzo F. Garcia*
                                                                          Lorenzo F. Garcia
                                                                          United States Magistrate Judge

ATTORNEY FOR PLAINTIFF:
Narciso Garcia, Jr., Esq.

ATTORNEY FOR DEFT. GENDRON:
H. Nicole Schamban, Esq.

ATTORNEY FOR DEFT. ALBUQ. T-VI:
James T. Reist, Esq.